## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTWANE JOHNSON, 3665 Kempsford Field Place, Waldorf, MD 20602, individually and on behalf of a class of all persons and entities similarly situated, | : : : : : | Case No. |
| Plaintiff, | : : | |
| v. | : : | |
| LONG FENCE AND HOME, LLLP, 8530 Corridor Rd., Savage, MD 20763, | : : | JURY DEMANDED |
| Defendant. | : : | |
| _____ / | | |

## CLASS ACTION COMPLAINT

### Preliminary Statement

1.      As the Supreme Court explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.      Plaintiff Antwane Johnson alleges that Long Fence and Home, LLLP, which does business as Long Home Products ("Long Home") pre-recorded telemarketing calls to his cellular telephone and those of other putative class members for the purposes of advertising home renovations services, which is prohibited by the TCPA.

3.      Because the calls to Plaintiff were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff bring this action on behalf of proposed nationwide a class of other persons who were sent the same illegal telemarketing calls.

4.      A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

5.      Plaintiff Antwane Johnson is an individual residing in this District.

6.      Defendant Long Fence and Home, LLLP is a Domestic LP located in this District.

## Jurisdiction & Venue

7.      The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

8.      The Court has personal jurisdiction over Long Home because it is based in this District.

9.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because the calls at issue were made into this District and from this District.

## The Telephone Consumer Protection Act

10.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy [.]"  Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The TCPA Prohibits Automated Telemarketing Calls

11.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service…or any service for which the called party is charged for the call." *See* 47 U.S.C. § 227(b)(1)(A)(iii).

12.     The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A).  *See* 47 U.S.C. § 227(b)(3).

13.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

14.     The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used."  *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115, ¶ 165 (2003).

## Factual Allegations

15.     Long Home offers home improvement services.

16.     One of Long Home's strategies for marketing their services generating new customers is the sending of pre-recorded messages to individuals who data they purchase.

17.     Recipients of these calls, including Plaintiff, did not consent to receive such telephone calls.

Call to Mr. Johnson

18.     Mr. Johnson is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

19.     Mr. Johnson's cellular phone number is on the National Do Not Call Registry since 2012.

20.     Mr. Johnson has never provided his written consent to receive telemarketing calls from the Defendant.

21.     Despite this, he received more than a dozen pre-recorded calls from the Defendant, including on April 2, 4, 9, 15, 16, 18, 2022.

22.     The calls with pre-recorded messages all played a similar message: Hi, this is Long Home Products calling in response to the inquiry you submitted online. Please give us a call back at your earliest convenience. Thank you, and have a great day.

23.     Sometimes the pre-recorded message included a call back number, such as: Hi, this is Long Home Products calling in response to the inquiry that you submitted online. Please give us a call back at your earliest convenience. We can be reached at the number 888-381-3025. Thank you. We look forward to hearing from you.

24.     The calls were clearly pre-recorded because (1) the caller did not identify a specific individual they were looking for (2) the calls were generic and commercial following a script (3) the calls had a voice with an unnaturally consistent tone (4) some calls had an audible sound the message indicating that a message was being transmitted for a recording.

25.     Indeed, prior to filing this lawsuit, Mr. Johnson contacted Long Home.

26.     Long Home did not provide any evidence that Mr. Johnson had consented to receive the call at issue and indeed recognized that he had previously informed them he did not want their services.

27.     Furthermore, Long Home did not deny using a pre-recorded message to contact Mr. Johnson.

Case 8:22-cv-01045-AAQ   Document 1   Filed 04/28/22   Page 5 of 8

28.     The privacy of Mr. Johnson and the putative class members was infringed upon because the pre-recorded telemarketing calls occupied their telephone lines from legitimate communications.

**Class Action Statement**

29.     As authorized by Rule 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of all other persons or entities similarly situated throughout the United States.

30.     The Class of persons Plaintiff proposes to represent includes:

All persons within the United States to whom: (a) Long Home's, or a third party acting on Long Home's behalf, made one or more non-emergency telephone calls; (b) to their cellular telephone number or number that is charged per the call; (c) using an artificial or prerecorded voice; (d) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

31.     Excluded from the Class are the Defendant, any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

32.     The proposed Class members are identifiable through phone records and phone number databases, which are with the Defendant or their agents.

33.     The automated technology used to contact the Plaintiff is capable of contacting hundreds of thousands of people a day, and so the potential Class members number in the thousands, at least. Individual joinder of these persons is impracticable.

34.     Plaintiff is a member of the Class.

35.     There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

a.      Whether Long Home used a pre-recorded message to place calls;

      b.     Whether the calls were placed without obtaining the recipients' valid prior express consent;

      c.     Whether the Defendant's violations of the TCPA were negligent, willful, or knowing; and

      d.     Whether the Plaintiff and the class members are entitled to statutory damages because of Defendant's actions.

36.     Plaintiff's claims are based on the same facts and legal theories as the claims of all class members, and therefore are typical of the claims of class members, as the Plaintiff and class members all received telephone calls through the same or similar dialing system and pre-recorded message on a cellular telephone line.

37.     Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

38.     In fact, the Plaintiff has foregone a simpler path to recovery by filing this matter as a putative class action, as opposed to an individual claim.

39.     The actions of the Defendant are generally applicable to the Class and to Plaintiff.

40.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

41.     The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

## Legal Claims

**Count One:**
**Violation of the TCPA, 47 U.S.C. § 227(b)**

42.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

43.     The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to Plaintiff and members of the Class using a pre-recorded message.

44.     If the Defendant's conduct is found to be knowing or willful, the Plaintiff and members of the Class are entitled to an award of up to treble damages.

45.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant' behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, using a prerecorded voice in the future.

## Relief Sought

For himself and all class members, Plaintiff requests the following relief:

A.     Certification of the proposed Class;

B.     Appointment of Plaintiff as representative of the Class;

C.     Appointment of the undersigned counsel as counsel for the Class;

D.      A declaration that Defendant and/or their affiliates, agents, and/or other related

entities' actions complained of herein violate the TCPA;

E.      An order enjoining Defendant and/or their affiliates, agents, and/or other related

entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F.      An award to Plaintiff and the Class of damages, as allowed by law;

G.      Leave to amend this Complaint to conform to the evidence presented at trial; and

H.      Orders granting such other and further relief as the Court deems necessary, just,

and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

PLAINTIFF,
By his attorneys,

*/s/ John McGowan*
John McGowan Bar ID # 21477
Kinner & McGowan PLLC
413 East Capitol Street, SE First Floor
Washington, D.C. 20003
Telephone: (202) 846-7148
Email: jmcgowan@kinnermcgowan.com

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com
*Subject to Pro Hac Vice*