**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>DEBORAH L. BOARDMAN<br>UNITED STATES DISTRICT JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-7810<br>Fax: (410) 962-2577<br>MDD_DLBChambers@mdd.uscourts.gov |

January 18, 2023

**LETTER ORDER**

RE:   *Johnson v. Long Fence & Home, LLLP*
       DLB-22-1045

Dear Counsel:

This letter order memorializes my rulings during yesterday's on-the-record call, which I scheduled in my December 2, 2022 Letter Order granting and denying in part the motion to dismiss filed by Long Fence & Home, LLLP ("Long Fence"). The purpose of the call was to address the outstanding issues in the motion to dismiss and Long Fence's motion to strike class allegations pursuant to Rule 12(f).

The day before the call, Long Fence filed a motion to deny class certification under Rule 23(d)(1)(D), ECF 30. In it, Long Fence asserts that the complaint's proposed class is patently uncertifiable because Long Fence called plaintiff Antwane Johnson by mistake, rather than through calling practices that might violate the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227(b). *See generally* ECF 30. Long Fence attaches a sworn declaration and an exhibit to support its claim that its telemarketing calls to Johnson were intended for a potential client, with a nearly identical phone number, who reached out to Long Fence for its services. ECF 30-1 & 30-2. Long Fence contends that if it were not for a data entry error in which someone mistyped one digit in the potential client's phone number and in so doing, unknowingly typed in plaintiff's number, Long Fence never would have called Johnson. Long Fence also attaches a sworn declaration indicating that defense counsel brought relevant facts regarding the purported mistake to plaintiff counsel's attention. ECF 30-3.

During the conference call, plaintiff's counsel, while stressing that he had not had sufficient time to review the motion, requested limited discovery to respond to it. Defense counsel suggested limited discovery might be appropriate. I directed counsel to meet and confer on a proposed scope of limited discovery. They also should propose a briefing schedule for Long Fence's motion to deny class certification. The parties shall submit a joint status report by February 3, 2023 and include in the report whether they want me to refer this case to a Magistrate Judge for a settlement conference.

In light of the pending motion to deny class certification, the Court denies those portions of Long Fence's motion to dismiss, ECF 15, that remained unresolved following the Court's

December 2, 2022 Letter Order.  *See* ECF 28.  The Court denies Long Fence's motion to strike class allegations, ECF 16.

Although informal, this letter is an Order of the Court and shall be docketed as such.

Sincerely,

Deborah L. Boardman
United States District Judge